WILLIAM OLIVER v. L. E. KNEEDLER and C. A. KNEEDLER, Appellants.

**Real property:** BREACH OF CONTRACT: PLEADING. A petition alleging the falsity of covenants of warranty in a deed and also a written tender of rescission, and asking damages to the amount of the consideration paid, presents an action for recovery of the consideration and not one for damages for breach of warranty.

**Same:** RESCISSION: EVIDENCE. In an action to recover the consideration paid for land in personal services, upon rescission of the contract because of failure of title, evidence of the value of the services rendered is admissible.

*Appeal from Woodbury District Court.*—HON. WILLIAM HUTCHINSON, Judge.

TUESDAY, FEBRUARY 9, 1909.

ACTION to recover damages resulting to plaintiff from the falsity of covenants of defendants as grantors in a deed of conveyance of certain lots to the plaintiff. On trial to the court without a jury, judgment was rendered against defendants for $95 and costs, from which they appeal.—*Affirmed.*

*C. R. Jones,* for appellants.

*Sullivan & Griffin,* for appellee.

McCLAIN, J.—Plaintiff, being by trade a painter, entered into a contract with defendants, by which he was

to perform certain work for defendants in the line of his trade and receive in consideration therefor two lots stated to be of the value of $150. The work was performed, and the defendants gave plaintiff a quitclaim deed, and, on a subsequent complaint of plaintiff that he was unable to raise money by mortgage of the lots held under such deed, they gave him a warranty deed. Almost immediately thereafter the plaintiff tendered a return of the warranty deed which had not been recorded, and demanded the value of the lots, stating in his written tender and notice of rescission that the deed conveyed no title to the lots. This tender and demand being refused, plaintiff brought this action, alleging the making in the deed of covenants of warranty and complete breach thereof and entire failure of title to the lots, and asking the recovery of damages to the amount of the consideration of such conveyance. To this petition the defendants demurred on the ground that there was no allegation that plaintiff had been disturbed in his quiet enjoyment of the property or evicted therefrom, and, on the overruling of this demurrer, defendants answered, admitting the conveyance, alleging title, and further alleging that the consideration for the conveyance did not exceed $50. The court, after hearing the evidence, found that the value of the consideration for the conveyance was $95, and rendered judgment for that amount.

I. The appellants contend that the action is for breach of warranty, and, as plaintiff has not been disturbed in his possession of the property under the deed, he has no right of action for more than nominal damages. But in the first place it appears that the plaintiff has not had possession of the lots under the deed. At the time of the conveyance, the right to occupy the lots for purposes of cultivation was in a third person, who had not attorned to nor recognized the right of plaintiff to such possession. In the second place, the action is not necessarily one for

damages for breach of warranty. It is true the plaintiff alleges the falsity of the covenants of warranty, but in connection therewith he also alleges a written tender of rescission, and, if the defendants had no title, plaintiff had his right for breach of the representations contained in these covenants to rescind and demand the consideration paid. The court found the action to be one for recovery of consideration, and not one for damages for breach of warranty, and we concur in his construction of the pleadings. Under these circumstances, it was proper to try the issue tendered by defendants' answer with regard to the amount of the consideration.

II. Treating the action as one for recovery of consideration paid on rescission of the contract to accept the lots in satisfaction of services rendered, there was no error in receiving evidence as to the value of the work done by plaintiff for the defendants, and the finding of the court as to this matter of fact is conclusive upon us.

There is no error in the record, and the judgment is *affirmed*.